## AULT & WIBORG CO. v. JAENECKE AULT CO.

(Court of Appeals of District of Columbia.    Submitted November 11, 1920.
Decided December 6, 1920.)

No. 1347.

1. **Commerce ⬡⟿42—Shipment to distributor is not use in "interstate commerce."**

   Shipments of trade-marked articles from the factory to a distributing branch in another state do not establish the use of the trade-mark in interstate commerce, within the Trade-Mark Act.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. **Trade-marks and trade-names ⬡⟿45½, New, vol. 7A Key-No. Series— Evidence held to show use of trade-mark before registrant's use.**

   On petition to cancel a registered trade-mark, evidence of the adoption of the mark by petitioner five years before the registration, and book entries of orders for the trade-marked goods and shipments made thereon more than one year before the date of registration, held to show use of the trade-mark by petitioner in interstate commerce before the date of registration by registrant, though none of the persons to whom the goods were shipped were produced.

Appeal from the Commissioner of Patents.

Petition by the Jaenecke Ault Company to cancel the registered trade-mark of the Ault & Wiborg Company. From an order directing the cancellation of the trade-mark, the registrant appeals. Affirmed.

Percy H. Moore, of Washington, D. C., for appellant.
Mortimer C. Lyddane, of New York City, for appellee.

⬡⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

VAN ORSDEL, Associate Justice. Appellee, Jaenecke Ault Company, petitioned the Commissioner of Patents to cancel the trade-mark of appellant, the Ault & Wiborg Company, consisting of the word "Surprise" as a trade-mark for printing ink. From an order sustaining the petition and directing the cancellation of the mark, this appeal was taken.

[1] Registrant relied upon its registration date, August 1, 1911, contending that appellee had failed to establish any use of its mark in interstate commerce prior to that date. It is urged that the most the testimony establishes as to trade-mark use by appellee .company is that ink bearing the mark "Surprise" was shipped by it from its factory at Newark, N. J., to its branch office at Chicago, Ill. Of course, the mere shipment of goods bearing the mark from the factory to a distributing branch in another state would not constitute use of the mark in interstate commerce within the Trade-Mark Act (21 Stat. 502).

[2] While none of the persons to whom goods were alleged to have been shipped by appellee company have been produced, which is ordinarily regarded as the most convincing proof of the use of a mark in commerce, the evidence, we think, establishes the adoption of the mark by appellee company, or its predecessor in business, about 1906 or 1907. The books of the company show orders for Surprise ink and shipments made to various parties as early as January, 1910. Labels were introduced which were shown to have been used in 1909.

We agree with the Commissioner that appellee has established the use of the mark in question prior to appellant's date of registration or the date of use alleged in its application.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.

Affirmed.